IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER A. PETZOLD,

      Plaintiff,                         No. 2:12-cv-0229 AC

    vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.                      <u>ORDER</u>

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the court grants plaintiff's motion for summary judgment and remands the matter for further proceedings.

I.    <u>BACKGROUND</u>

        Plaintiff filed an application for a period of disability and DIB on June 30, 2009

and an application for SSI on July 15, 2009, alleging disability beginning October 1, 2008.[1] Administrative Record ("AR") 56, 98-99, 100-105.  Plaintiff's applications were initially denied on January 21, 2010, and upon reconsideration on June 29, 2010.  AR 58-62, 66-70.  On January 19, 2011, a hearing was held before administrative law judge (the "ALJ") Mark C. Ramsey.  AR 28-50.  Plaintiff was represented by counsel at the hearing, at which he testified.  Id.

In a decision dated March 10, 2011, the ALJ determined that plaintiff was not disabled under sections 216(I), 223(d) and 1614(a)(3)(A) of the Act.[2]  AR 10-23.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

---

[1] Plaintiff subsequently amended his disability onset date to May 28, 2009.  AR 10.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2. The claimant has not engaged in substantial gainful activity since May 28, 2009, the amended onset date.

3. The claimant has had the following severe impairments: depression and chronic obstructive pulmonary disorder.

...

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

...

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: the claimant must avoid concentrated exposure to dust and fumes; and the claimant is limited to work involving simple unskilled tasks.

...

6. The claimant is unable to perform any past relevant work.

...

7. The claimant was born on May 28, 1959 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

...

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2008, through the date of this decision.

AR 12-23.

1    Plaintiff requested the Appeals Council review the ALJ's decision.  AR 91.
2 However, on December 6, 2011, the Appeals Council denied review, leaving the ALJ's decision
3 as the final decision of the Commissioner of Social Security.  AR 1-5.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred in failing to (1) find certain impairments severe at step two, (2) fully develop the record, (3) include in plaintiff's RFC functional limitations set forth in medical opinions credited by the ALJ, and (4) seek testimony from a vocational expert.

Plaintiff first argues that the ALJ erred at step two of sequential evaluation process by failing to include plaintiff's cervical degenerative disc disease and related peripheral

neuropathy as severe impairments. Pet.'s Mot. Summ. J., ECF No. 17 at 18. "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Yuckert, 482 U.S. at 153. At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step the ALJ found that plaintiff's only severe impairments were depression and chronic obstructive pulmonary disorder. AR 12. The ALJ observed that the medical evidence shows that plaintiff has multilevel degenerative disc and joint disease of the cervical spine, but he ultimately concluded that the condition was not severe. The ALJ's decision contained the following explanation concerning plaintiff's degenerative disc and joint disease:

> [T]he evidence shows the claimant has multilevel degenerative disc and joint disease of the cervical spine. However, the evidence shows that his condition is stable, the claimant has not consistently presented with symptoms related to this condition, he has not been restricted in his abilities by any treatment providers because of this condition, and in fact has not received any medical treatment for this condition. For these reasons, the undersigned finds the evidence establishes this medically determinable impairment. However, the evidence does not establish that it is severe within the meaning of the Regulations.

AR 13 (citations omitted).

Plaintiff contends that these findings are either legally insufficient or not supported by the record. ECF No. 17 at 19. The court agrees. The first reason the ALJ provided for finding that plaintiff's degenerative disc disease was not severe is that the evidence shows that plaintiff's condition was stable. AR 13. A Radiology Report dated August 9, 2010, states that plaintiff has "[s]table multilevel degenerative disc and degenerative joint disease." However, the fact that plaintiff's condition is "stable" provides no insight into the severity of the condition. It simply indicates that plaintiff's condition was neither worsening nor improving. Furthermore, the court finds troubling the ALJ's isolation of the word "stable" and disregard for the rest of the report. In addition to noting that plaintiff's degenerative disc and joint disease was stable, the report also stated, "There is multilevel degenerative disc disease, most advanced at C4-5, C5-C-6 and C6-C7 with mild osteoarthritis of the uncovertebral joints at C5-6 and C6-7 producing mild neural formalinal stenosis." AR 374. Although the report indicated that plaintiff's degenerative disk disease did not require attention at that time, it was diagnosed as a major abnormality. Id.

The ALJ also found that plaintiff's degenerative disc disease was not severe because no treatment provider limited plaintiff's functional abilities. Medical records from the Veterans Administration Medical Center ("VA") state that plaintiff's lower back pain results in impaired functional mobility. See AR 409. The progress note further state that plaintiff "reports intermittent to frequent (4/10) pain at rest progressing to moderate to severe (8/10) pain with increased pain with spontaneous movement . . . ." Id. It is unclear from the VA medical records whether plaintiff's physician assessed any functional limitations or whether plaintiff's subjective complaints were simply recorded. Nevertheless, the absence of a description of plaintiff's functional limitations in his medical records does not provide evidence that plaintiff had no functional limitations. This is so because "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel – not to provide evidence for disability determinations." Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007).

6

<tr>
<td>

<tr>

<td>

<tr>

</tr>

</tr>

</td>

</tr>

1  The ALJ also found that plaintiff's degenerative disk disease was not severe because plaintiff has not presented with symptoms related to this condition and he has not received significant medical treatment for this condition. The evidence of record shows that plaintiff complained of back pain after being involved in a motor vehicle accident on August 3, 2010. Progress notes from August 4, 2010, show that plaintiff reported numbness and tingling in his left arm. AR 426. Nerve conduction studies indicated that plaintiff had peripheral neuropathy. AR 427. Medical records from November 15, 2013 reported that plaintiff continued to experience lower back pain, which resulted in impaired functional mobility. AR 409. Petitioner underwent physical therapy for his back pain was prescribed chiropractic treatment. Id.

The evidence establishes that plaintiff has degenerative disc and joint disease and peripheral neuropathy. This much, the ALJ acknowledges. See AR 13. The medical records from the VA also show that plaintiff experienced lower back pain, complained of functional limitations, and was treated for his pain. The ALJ, however, found that these records failed to show that plaintiff's degenerative disc and joint disease not was severe. AR 13. This finding is not supported by the record.

Although a claimant bears the burden of establishing disability, the ALJ has a duty "to fully and fairly develop the record and to assure the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The duty to develop the record is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001). "A specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011).

7

Here, the record is clearly inadequate to support the ALJ's finding that plaintiff's degenerative disc and joint disease and related impairments are non-severe. The record contains only one medical opinion assessing plaintiff's physical limitations. AR 286-290. This opinion was provided by Dr. Amon, a non-examining physician. On November 23, 2009, based on a review of plaintiff's medical record, Dr. Amon opined that plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; and push and pull without limitation. AR 287. Dr. Amon further opined that plaintiff could frequently balance and occasionally climb, stoop, kneel, crouch and crawl. AR 288. This opinion, however, was made without the benefit of plaintiff's VA medical records, which was the only medical evidence pertaining to plaintiff's degenerative disc and joint disease. Plaintiff's VE records were not submitted to the ALJ until after the January 19, 2011 administrative hearing. Thus, Dr. Amon's opinion, the only medical opinion addressing plaintiff's physical limitations, was based on an incomplete review of plaintiff's medical records.

It appears the ALJ's finding that plaintiff's degenerative disc and joint disease was non-severe was based on the ALJ's independent review of the VA medical records. The ALJ, however, is not a physician and does not possess the requisite expertise to provide an opinion about plaintiff's functional capacity based on his lay interpretation of treating records. See Penny v. Sullivan, 2 F.3d 953, 958 ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual."); Nelson v. Heckler, 712 F.2d 346, 348 (8th Cir. 1983) (per curiam) ("'[T]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.'"); Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D. Cal 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . and . . . must not succumb to the temptation to play doctor and make . . . independent medical findings.") (quotations omitted) (citing Balsam v. Chater, 142 F.3d 75, 81 (2nd Cir.

1998); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975); Roan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996)).

Plaintiff never underwent a consultative examination for his physical impairments, and the record does not contain an opinion from his treating physician.  Further, the only medical opinion assessing plaintiff's physical limitations was from a non-treating source who did not have the opportunity to review the medical records concerning plaintiff's degenerative disc disease.  Under these circumstances, the court finds that the ALJ's decision that plaintiff's degenerative disc and joint disease are non-severe impairments is not supported by substantial evidence.  Accordingly, remand is necessary for further development of the record.[3]

IV. CONCLUSION

The court finds that the ALJ's decision is not supported by substantial evidence. Therefore, IT IS ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: May 17, 2013.

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] As remand is necessary to further develop the record, the court declines to address plaintiff's remaining arguments.