1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   CHRISTOPHER A. PETZOLD,

11              Plaintiff,                    No. 2:12-cv-0229 AC

12        vs.

13

14   CAROLYN W. COLVIN,
     Commissioner of Social Security,
15
                Defendant.              ORDER
16   _____/

17              Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying his applications for a period of disability and Disability

19   Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and

20   XVI of the Social Security Act ("the Act").  The parties' cross-motions for summary judgment

21   are pending.  For the reasons discussed below, the court grants plaintiff's motion for summary

22   judgment and remands the matter for further proceedings.

23   I.      BACKGROUND

24              Plaintiff filed an application for a period of disability and DIB on June 30, 2009

25

26

1    and an application for SSI on July 15, 2009, alleging disability beginning October 1, 2008.[1]

2    Administrative Record ("AR") 56, 98-99, 100-105.  Plaintiff's applications were initially denied

3    on January 21, 2010, and upon reconsideration on June 29, 2010.  AR 58-62, 66-70.  On January

4    19, 2011, a hearing was held before administrative law judge (the "ALJ") Mark C. Ramsey.  AR

5    28-50.  Plaintiff was represented by counsel at the hearing, at which he testified.  Id.

6           In a decision dated March 10, 2011, the ALJ determined that plaintiff was not

7    disabled under sections 216(I), 223(d) and 1614(a)(3)(A) of the Act.[2]  AR 10-23.  The ALJ made

8    the following findings (citations to 20 C.F.R. omitted):

9           1.  The claimant meets the insured status requirements of the Social
            Security Act through December 31, 2013.

10

11   _____

12      [1] Plaintiff subsequently amended his disability onset date to May 28, 2009.  AR 10.

13      [2] Disability Insurance Benefits are paid to disabled persons who have contributed to the
     Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to
     disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability,
14   in part, as an "inability to engage in any substantial gainful activity" due to "a medically
     determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).
15   A parallel five-step sequential evaluation governs eligibility for benefits under both programs.
     See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S.
16   137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:
            Step one:  Is the claimant engaging in substantial gainful
17   activity?  If so, the claimant is found not disabled.  If not, proceed
     to step two.
18          Step two:  Does the claimant have a "severe" impairment?
     If so, proceed to step three.  If not, then a finding of not disabled is
19   appropriate.
            Step three:  Does the claimant's impairment or combination
20   of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
     404, Subpt. P, App.1?  If so, the claimant is automatically
21   determined disabled.  If not, proceed to step four.
            Step four:  Is the claimant capable of performing his past
22   work?  If so, the claimant is not disabled.  If not, proceed to step
     five.
23          Step five:  Does the claimant have the residual functional
     capacity to perform any other work?  If so, the claimant is not
24   disabled.  If not, the claimant is disabled.
     Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
25          The claimant bears the burden of proof in the first four steps of the sequential evaluation
     process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the
26   burden if the sequential evaluation process proceeds to step five.  Id.

2.  The claimant has not engaged in substantial gainful activity since May 28, 2009, the amended onset date.

3.  The claimant has had the following severe impairments: depression and chronic obstructive pulmonary disorder.

...

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

...

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: the claimant must avoid concentrated exposure to dust and fumes; and the claimant is limited to work involving simple unskilled tasks.

...

6.  The claimant is unable to perform any past relevant work.

...

7.  The claimant was born on May 28, 1959 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8.  The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

...

11.  The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2008, through the date of this decision.

AR 12-23.

3

1    Plaintiff requested the Appeals Council review the ALJ's decision.  AR 91.

2  However, on December 6, 2011, the Appeals Council denied review, leaving the ALJ's decision

3  as the final decision of the Commissioner of Social Security.  AR 1-5.

4  II.   LEGAL STANDARDS

5    The Commissioner's decision that a claimant is not disabled will be upheld if the

6  findings of fact are supported by substantial evidence in the record and the proper legal standards

7  were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000);

8  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel,

9  180 F.3d 1094, 1097 (9th Cir. 1999).

10    The findings of the Commissioner as to any fact, if supported by substantial

11  evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial

12  evidence is more than a mere scintilla, but less than a preponderance.  Saelee v. Chater, 94 F.3d

13  520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as

14  adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting

15  Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

16    "The ALJ is responsible for determining credibility, resolving conflicts in medical

17  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.

18  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

19  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

20  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

21  III.  ANALYSIS

22    Plaintiff argues that the ALJ erred in failing to (1) find certain impairments severe

23  at step two, (2) fully develop the record, (3) include in plaintiff's RFC functional limitations set

24  forth in medical opinions credited by the ALJ, and (4) seek testimony from a vocational expert.

25    Plaintiff first argues that the ALJ erred at step two of sequential evaluation

26  process by failing to include plaintiff's cervical degenerative disc disease and related peripheral

4

1   neuropathy as severe impairments.  Pet.'s Mot. Summ. J., ECF No. 17 at 18.  "The step-two

2   inquiry is a de minimis screening device to dispose of groundless claims."  Smolen v. Chater, 80

3   F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify claimants whose medical impairment

4   is so slight that it is unlikely they would be disabled even if age, education, and experience were

5   taken into account.  Yuckert, 482 U.S. at 153.  At step two of the sequential evaluation, the ALJ

6   determines which of claimant's alleged impairments are "severe" within the meaning of 20

7   C.F.R. § 404.1520(c).  "An impairment is not severe if it is merely 'a slight abnormality (or

8   combination of slight abnormalities) that has no more than a minimal effect on the ability to do

9   basic work activities.'"  Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social

10  Security Ruling ("SSR") 96-3p (1996)).  The step two severity determination is "merely a

11  threshold determination of whether the claimant is able to perform his past work.  Thus, a

12  finding that a claimant is severe at step two only raises a prima facie case of a disability."

13  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

14          At the second step the ALJ found that plaintiff's only severe impairments were

15  depression and chronic obstructive pulmonary disorder.  AR 12.  The ALJ observed that the

16  medical evidence shows that plaintiff has multilevel degenerative disc and joint disease of the

17  cervical spine, but he ultimately concluded that the condition was not severe.  The ALJ's

18  decision contained the following explanation concerning plaintiff's degenerative disc and joint

19  disease:

20              [T]he evidence shows the claimant has multilevel degenerative
                disc and joint disease of the cervical spine.  However, the evidence
21              shows that his condition is stable, the claimant has not consistently
                presented with symptoms related to this condition, he has not been
22              restricted in his abilities by any treatment providers because of this
                condition, and in fact has not received any medical treatment for
23              this condition.  For these reasons, the undersigned finds the
                evidence establishes this medically determinable impairment.
24              However, the evidence does not establish that it is severe within
                the meaning of the Regulations.

25

26  AR 13 (citations omitted).

1    Plaintiff contends that these findings are either legally insufficient or not

2    supported by the record.  ECF No. 17 at 19.  The court agrees.  The first reason the ALJ provided

3    for finding that plaintiff's degenerative disc disease was not severe is that the evidence shows

4    that plaintiff's condition was stable.  AR 13.  A Radiology Report dated August 9, 2010, states

5    that plaintiff has "[s]table multilevel degenerative disc and degenerative joint disease."

6    However, the fact that plaintiff's condition is "stable" provides no insight into the severity of the

7    condition.  It simply indicates that plaintiff's condition was neither worsening nor improving.

8    Furthermore, the court finds troubling the ALJ's isolation of the word "stable" and disregard for

9    the rest of the report.  In addition to noting that plaintiff's degenerative disc and joint disease

10   was stable, the report also stated, "There is multilevel degenerative disc disease, most advanced

11   at C4-5, C5-C-6 and C6-C7 with mild osteoarthritis of the uncovertebral joints at C5-6 and C6-7

12   producing mild neural formalinal stenosis."  AR 374.  Although the report indicated that

13   plaintiff's degenerative disk disease did not require attention at that time, it was diagnosed as a

14   major abnormality.  Id.

15   The ALJ also found that plaintiff's degenerative disc disease was not severe

16   because no treatment provider limited plaintiff's functional abilities.  Medical records from the

17   Veterans Administration Medical Center ("VA") state that plaintiff's lower back pain results in

18   impaired functional mobility.  See AR 409.  The progress note further state that plaintiff "reports

19   intermittent to frequent (4/10) pain at rest progressing to moderate to severe (8/10) pain with

20   increased pain with spontaneous movement . . . ."  Id.  It is unclear from the VA medical records

21   whether plaintiff's physician assessed any functional limitations or whether plaintiff's subjective

22   complaints were simply recorded.  Nevertheless, the absence of a description of plaintiff's

23   functional limitations in his medical records does not provide evidence that plaintiff had no

24   functional limitations.  This is so because "[t]he primary function of medical records is to

25   promote communication and recordkeeping for health care personnel – not to provide evidence

26   for disability determinations."  Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007).

1          The ALJ also found that plaintiff's degenerative disk disease was not severe

2    because plaintiff has not presented with symptoms related to this condition and he has not

3    received significant medical treatment for this condition.  The evidence of record shows that

4    plaintiff complained of back pain after being involved in a motor vehicle accident on August 3,

5    2010.  Progress notes from August 4, 2010, show that plaintiff reported numbness and tingling in

6    his left arm.  AR 426.  Nerve conduction studies indicated that plaintiff had peripheral

7    neuropathy.  AR 427.  Medical records from November 15, 2013 reported that plaintiff

8    continued to experience lower back pain, which resulted in impaired functional mobility.  AR

9    409.  Petitioner underwent physical therapy for his back pain was prescribed chiropractic

10   treatment.  Id.

11          The evidence establishes that plaintiff has degenerative disc and joint disease and

12   peripheral neuropathy. This much, the ALJ acknowledges.  See AR 13.  The medical records

13   from the VA also show that plaintiff experienced lower back pain, complained of functional

14   limitations, and was treated for his pain.  The ALJ, however, found that these records failed to

15   show that plaintiff's degenerative disc and joint disease not was severe.  AR 13.  This finding is

16   not supported by the record.

17          Although a claimant bears the burden of establishing disability, the ALJ has a

18   duty "to fully and fairly develop the record and to assure the claimant's interests are considered."

19   Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  The duty to develop the record is

20   "triggered only when there is ambiguous evidence or when the record is inadequate to allow for

21   proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

22   "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper

23   evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry."

24   Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001).  "A specific finding of ambiguity or

25   inadequacy of the record is not necessary to trigger this duty to inquire, where the record

26   establishes ambiguity or inadequacy." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011).

1        Here, the record is clearly inadequate to support the ALJ's finding that plaintiff's

2  degenerative disc and joint disease and related impairments are non-severe.  The record contains

3  only one medical opinion assessing plaintiff's physical limitations.  AR 286-290.  This opinion

4  was provided by Dr. Amon, a non-examining physician.   On November 23, 2009, based on a

5  review of plaintiff's medical record,  Dr. Amon opined that plaintiff could lift and/or carry 20

6  pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour

7  workday; sit about 6 hours in an 8-hour workday; and push and pull without limitation.  AR 287.

8  Dr. Amon further opined that plaintiff could frequently balance and occasionally climb, stoop,

9  kneel, crouch and crawl.  AR 288.  This opinion, however, was made without the benefit of

10  plaintiff's VA medical records, which was the only medical evidence pertaining to plaintiff's

11  degenerative disc and joint disease.  Plaintiff's VE records were not submitted to the ALJ until

12  after the January 19, 2011 administrative hearing.  Thus, Dr. Amon's opinion, the only medical

13  opinion addressing plaintiff's physical limitations, was based on an incomplete review of

14  plaintiff's medical records.

15        It appears the ALJ's finding that plaintiff's degenerative disc and joint disease

16  was non-severe was based on the ALJ's independent review of the VA medical records.  The

17  ALJ, however, is not a physician and does not possess the requisite expertise to provide an

18  opinion about plaintiff's functional capacity based on his lay interpretation of treating records.

19  See Penny v. Sullivan, 2 F.3d 953, 958 ("Without a personal medical evaluation it is almost

20  impossible to assess the residual functional capacity of any individual."); Nelson v. Heckler, 712

21  F.2d 346, 348 (8th Cir. 1983) (per curiam) ("'[T]o  attempt to evaluate disability without

22  personal examination of the individual and without evaluation of the disability as it relates to the

23  particular person is medical sophistry at its best.'"); Banks v. Barnhart, 434 F. Supp. 2d 800, 805

24  (C.D. Cal 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical

25  opinion . . . and . . . must not succumb to the temptation to play doctor and make . . . independent

26  medical findings.") (quotations omitted) (citing Balsam v. Chater, 142 F.3d 75, 81 (2nd Cir.

1   1998); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975); Roan v. Chater, 98 F.3d 966,

2   970 (7th Cir. 1996)).

3          Plaintiff never underwent a consultative examination for his physical

4   impairments, and the record does not contain an opinion from his treating physician.  Further, the

5   only medical opinion assessing plaintiff's physical limitations was from a non-treating source

6   who did not have the opportunity to review the medical records concerning plaintiff's

7   degenerative disc disease.  Under these circumstances, the court finds that the ALJ's decision

8   that plaintiff's degenerative disc and joint disease are non-severe impairments is not supported

9   by substantial evidence.  Accordingly, remand is necessary for further development of the

10  record.[3]

11  IV.  CONCLUSION

12          The court finds that the ALJ's decision is not supported by substantial evidence.

13  Therefore, IT IS ORDERED that:

14          1.  Plaintiff's motion for summary judgment is granted;

15          2.  The Commissioner's cross-motion for summary judgment is denied;

16          3.  The matter is remanded for further proceedings consistent with this order; and

17          4.  The Clerk is directed to enter judgment in plaintiff's favor.

18  DATED: May 17, 2013.

19

20  _____
    ALLISON CLAIRE
21  UNITED STATES MAGISTRATE JUDGE

22

23

24

25  ────────────────

26     [3]  As remand is necessary to further develop the record, the court declines to address
    plaintiff's remaining arguments.